UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DARRYL EUGENE TAYLOR,                    )        1:07-cv-00459-AWI-SMS-PC
                                         )
        Plaintiff,                       )        ORDER CONSTRUING MOTION RE DUE
                                         )        PROCESS CLAUSE AS MOTION FOR
    v.                                   )        INJUNCTIVE RELIEF
                                         )        (Doc. 13.)
JAMES A. YATES, et al.,                  )
                                         )        FINDINGS AND RECOMMENDATIONS
                                         )        RECOMMENDING DENIAL OF
        Defendants.                      )        MOTION FOR INJUNCTIVE RELIEF
                                         )        (Doc. 13.)
                                         )
                                         )        OBJECTIONS, IF ANY, DUE IN THIRTY
                                         )        DAYS
_____ )

**I.    BACKGROUND**

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  On August 15, 2008, plaintiff filed a motion entitled "Motion: Due Process Clause, Department of Correction Retaliation Against Plaintiff," which the Court shall construe as a Motion for Injunctive Relief.  In the motion, plaintiff requests a court order directing Correctional Lieutenant Martinez to return plaintiff's legal mail and his personal television to him.  Plaintiff claims that he is being retaliated against for exercising his rights to file grievances, report complaints, or file lawsuits, and that he is being denied equal protection under the Fourteenth Amendment.

///

1

## II.    PRELIMINARY INJUNCTION

### A.    Legal Standard

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

### B.    Discussion

In his motion for injunctive relief, plaintiff requests a court order directing Correctional Lieutenant Martinez to return plaintiff's legal mail and his personal television to him. Plaintiff's first amended complaint, upon which this action currently proceeds, names defendant Warden James Yates, Dr. Verrugo (DDS), Chief Medical Officer Alvarnez, and John/Jane Does, for denying plaintiff adequate dental treatment in violation of the Eighth Amendment. Because an order directing prison officials to return plaintiff's legal mail and television to him, or to stop retaliation against plaintiff, would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue the order sought by plaintiff. Therefore, the court finds that plaintiff's motion must be denied.

2

1

**III.    CONCLUSION**

2          Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion filed

3   August 15, 2008, which the court construes as a motion for injunctive relief, be DENIED.

4          These Findings and Recommendation will be submitted to the United States District Judge

5   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**

6   after being served with these Findings and Recommendation, plaintiff may file written objections with

7   the court.   The document should be captioned "Objections to Magistrate Judge's Findings and

8   Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive

9   the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10

11

12  IT IS SO ORDERED.

13  **Dated:    January 13, 2009**                    **/s/ Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                              3