# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL EUGENE TAYLOR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　Defendants. | CASE NO. 1:07-cv-00459-AWI-SMS PC<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 19)<br><br>THIRTY-DAY DEADLINE |

## Screening Order

**I.   Procedural History**

Plaintiff Darryl Eugene Taylor, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 23, 2007. Plaintiff filed a first amended complaint as a matter of right on July 10, 2008, and on May 21, 2009, the Court found that Plaintiff's amended complaint stated cognizable claims against some but not all of the defendants. The Court dismissed the amended complaint, with leave to amend. Pending before the Court is Plaintiff's second amended complaint, filed June 19, 2009.

For the reasons set forth below, the Court finds that Plaintiff's second amended complaint fails to state a claim upon which relief may be granted. After the issuance of the first screening order, there was a "significant change" in the pleading standard to which Plaintiff's complaint is held. Moss v. U.S. Secret Service, 572 F.3d 962, 972 (9th Cir. 2009). Due to this change and because the Court previously informed Plaintiff that some of his claims were cognizable, the Court

///

will grant Plaintiff one final opportunity to amend. Moss, 572 F.3d at 972; Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal at 1950, and while factual allegations are accepted as true, legal conclusion are not, id. at 1949.

## III.    Plaintiff's Eight Amendment Claims

Plaintiff, who was housed at Pleasant Valley State Prison (PVSP) in Coalinga during the relevant events, brings this action against Chief Medical Officer Alvarnez, dentist Dr. A. Verdugo, and Does 1 through 6. Plaintiff alleges that Defendants violated his rights under the Eighth Amendment of the United States Constitution by failing to provide him with proper dental care, and he seeks damages, declaratory relief, and injunctive relief.

///

///

A. **Summary of Plaintiff's Allegations**

On June 24, 2003, Plaintiff was diagnosed with advanced chronic periodontitis by Dr. J. A. Smith at the California Correctional Institution (CCI). Dr. Smith extracted seven of Plaintiff's teeth on July 8, 2003, and Plaintiff was provided with dental care at CCI until March 26, 2006. Plaintiff was thereafter transferred to PVSP, and made numerous requests for dental treatment. On August 13, 2006, Plaintiff submitted an inmate appeal to Defendant Alvarnez regarding his dental condition. (Ex. 5.) Plaintiff alleges that Defendant Alvarnez failed to ensure Plaintiff received dental care.

On October 11, 2006, Plaintiff was examined by Defendant Verdugo, who noted that Plaintiff's gums were a strange color and pus was coming out of areas of Plaintiff's mouth. (Ex. 3.) Plaintiff alleges that despite complaining of pain, he received no treatment from Defendant Verdugo.

On July 9, 2007, Plaintiff was examined by Defendant Doe 1, who noted that Plaintiff was experiencing pain due to his gum condition and then referred Plaintiff back to Defendant Verdugo even though Plaintiff complained of pain, swelling, and difficulty eating. (Ex. 4.) Present at that time were Defendants Does 2 and 3.

In early August 2007, Plaintiff tried to enter the medical office to complain about pain, blood, and pus in his mouth. Plaintiff was stopped and questioned by Defendants Does 4-6, who told Plaintiff that the medical office was closed and ordered him to return to his cell. Plaintiff alleges the office was not closed.

Plaintiff alleges that while at PVSP, he did not receive dental care and he continues to suffer from dental problems at his current institution.

B. **Defendant Alvarnez**

Defendant Alvarnez is, or was at the relevant time, the Chief Medical Officer at PVSP. Under section 1983, Plaintiff must show that Defendant Alvarnez personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his own misconduct. Iqbal at 1948-49. A supervisor may be held liable for the constitutional violations of his subordinates only if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554,

3

570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Although Plaintiff alleges that he submitted an inmate appeal to Defendant Alvarnez regarding his dental problems but Defendant failed to ensure he was treated, the exhibit cited to by Plaintiff consists only of the appeal form filled out at the initiation stage and a letter from the Director's Level of review informing Plaintiff that his appeal had been sent to the appeals coordinator at CSP-Corcoran for review. The appeal bears the date August 13, 2006, and the letter bears the date October 21, 2008, along with an appeal log number indicating the letter relates to an appeal initiated at CSP-Corcoran in 2008 rather than an appeal initiated at PVSP in 2006.

In any event, the exhibit does not support a claim that Defendant Alvarnez knowingly disregarded an excessive risk to Plaintiff's serious health issues. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994). It is unclear whether Defendant Alvarnez ever saw the appeal, and absent some personal involvement in denying or disregarding Plaintiff's serious dental care needs, Defendant may not be held liable under section 1983. Iqbal at 1948-49. The fact that Defendant had the ultimate supervisory role over medical and dental care at PVSP, alone, cannot support a claim under section 1983 because Defendant cannot be held liable for the wrongdoing of subordinates based merely on his position of authority. Id. The Court finds that Plaintiff fails to state a claim against Defendant Alvarnez.

**C.   Defendant Verdugo**

Plaintiff's claim against Defendant Verdugo arises from his failure to provide dental treatment despite Plaintiff's complaints. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).

A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. 825 at 834. Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v.Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Although Plaintiff alleges that Defendant Verdugo failed to provide him with any treatment despite noting that Plaintiff's gums were discolored, he had pus in his mouth, and he was complaining of pain, Plaintiff's exhibit does not support a claim that Defendant Verdugo acted with deliberate indifference to Plaintiff's serious dental needs. (Ex. 3.) Plaintiff's medical record contains a fairly detailed note. (Id.) Defendant documented that Plaintiff was complaining of loose teeth, pus, and a strange color to his gums. (Id.) Defendant found the color of Plaintiff's gums to be normal, very slight mobility, and several localized "perio" defects. (Id.) Defendant wrote that Plaintiff needed to be seen by a periodontist, that Plaintiff needed "to return for fmx (full mouth x-rays) - exam - referral," and that Plaintiff was scheduled for an exam. (Id.)

The Court finds that Plaintiff fails to state a claim against Defendant Verdugo. Although Plaintiff alleges that he received no treatment from Defendant, Plaintiff's exhibit demonstrates that he was examined and a course of treatment was prescribed. Plaintiff's disagreement with that course of treatment does not support a claim under section 1983. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). There is simply no factual support for Plaintiff's assertion that Defendant Verdugo acted with deliberate indifference. Iqbal at 1949-50.

**D.     Defendants Does 1-3**

Defendants Does 1 through 3 conducted and/or were present for Plaintiff's appointment on July 9, 2007. Plaintiff complains that they did nothing but refer him back to Defendant Verdugo. Plaintiff's exhibit, however, shows that Plaintiff was seen on July 9, 2007, for a dental scaling, which

5

occurred. It was noted that there was some gum swelling and that Plaintiff was being treated by Defendant Verdugo. Although the writing is not entirely legible, the note indicates that medication was prescribed and that Plaintiff was scheduled to see Defendant Verdugo.

Plaintiff's conclusory allegation that he was referred back to Defendant Verdugo despite complaining of pain, swelling, and difficulty eating is insufficient to support a claim for violation of the Eighth Amendment, and Plaintiff's exhibit does not support the claim that Does 1-3 acted with deliberate indifference to his serious dental care needs. Rather, the exhibit demonstrates that Plaintiff was seen for a scaling, which occurred, and was then referred back to Defendant Verdugo, who was his treating dentist. Accordingly, Plaintiff fails to state a claim against Does 1-3.

### E. Defendants Does 4-6

With respect to Does 4-6, Plaintiff's allegations simply are not sufficient to support a facially plausible claim for relief. Iqbal at 1949-50. While it is alleged that Defendants prevented him from accessing the medical clinic, there is not sufficient support for a claim that they knowingly disregarded a substantial risk of harm to Plaintiff's health, Farmer, 511 U.S. 825 at 837, or that Plaintiff suffered any further harm as a result of being turned away from that clinic at the time, McGuckin, 974 F.2d at 1060.

### F. Claims for Equitable Relief

In addition to damages, Plaintiff seeks a declaration and an injunction mandating dental treatment. Plaintiff is currently housed at California State Prison-Corcoran. Because Plaintiff is no longer at PVSP, his requests for equitable relief are moot. S.E.C. v. Gemstar-TV Guide Int'l, Inc., 367 F.3d 1087, 1091 (9th Cir. 2004); also Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). In the event Plaintiff is able to amend to state a claim, he may seek damages from Defendants in their individual capacities, but is barred from seeking equitable relief.

## IV. Conclusion and Order

Plaintiff's second amended complaint does not state any cognizable claims for relief under section 1983 for violation of the Eighth Amendment. Plaintiff shall be granted one final opportunity to amend. Moss at 972; Lopez, 203 F.3d at 1130. Plaintiff may not change the nature of this suit

6

by adding new, unrelated claims in his third amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's third amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal at 1948-49. There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's second amended complaint, filed June 19, 2009, is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint; and
4. If Plaintiff fails to file a third amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   July 13, 2010**          /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE