# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL EUGENE TAYLOR, | CASE NO. 1:07-cv-00459-AWI-SMS PC |
| Plaintiff, | FINDING AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| JAMES A. YATES, et al., | (Doc. 24) |
| Defendants. | THIRTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations Following Screening of Third Amended Complaint**

## I. Procedural History

Plaintiff Darryl Eugene Taylor, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 23, 2007. Plaintiff filed a first amended complaint as a matter of right on July 10, 2008, Fed. R. Civ. P. 15(a), and on May 21, 2009, the Court found that Plaintiff's amended complaint stated cognizable claims against some but not all of the defendants, 28 U.S.C. § 1915A. The Court dismissed the amended complaint, with leave to amend. On June 19, 2009, Plaintiff filed a second amended complaint, which was dismissed with leave to amend on July 13, 2010.[1] Pending before the Court is Plaintiff's third amended complaint, filed July 26, 2010.

---

[1] After the issuance of the first screening order, there was a "significant change" in the standard under which pleadings are analyzed. Moss v. U.S. Secret Service, 572 F.3d 962, 972 (9th Cir. 2009). Due to this change and because the Court previously informed Plaintiff that some of his claims were cognizable, the Court granted Plaintiff one final opportunity to amend. Moss, 572 F.3d at 972; Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal at 1950, and while factual allegations are accepted as true, legal conclusion are not, id. at 1949.

## III. Plaintiff's Eighth Amendment Claim

### A. Summary of Third Amended Complaint

Plaintiff, who is currently incarcerated at Kern Valley State Prison, brings this action against Warden James Yates, Chief Medical Officer Alvarnez, and dentist Dr. A. Verdugo for violating his rights under the Eighth Amendment of the United States Constitution while he was housed at Pleasant Valley State Prison (PVSP). Plaintiff, who suffers from pyorrhea, alleges that while he was housed at the California Correctional Institution (CCI), a dental treatment plan was prescribed for him but after he transferred to PVSP, Defendants Yates and Alvarnez failed to follow the course of

1  treatment prescribed at CCI.[2]  Plaintiff filed an inmate appeal requesting that the treatment plan be
2  followed but the appeals coordinator refused to resolve the appeal on its merits.

### B. Discussion

To state a claim under section 1983, Plaintiff must show that each named defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his own misconduct. Iqbal at 1948-49. A supervisor may be held liable for the constitutional violations of his subordinates only if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to

///

---

[2] In his second amended complaint, Plaintiff alleged that on June 24, 2003, he was diagnosed with advanced chronic periodontitis by Dr. J. A. Smith at CCI. (Doc. 19.) Dr. Smith extracted seven of Plaintiff's teeth on July 8, 2003, and Plaintiff was provided with dental care at CCI until March 26, 2006, after which time he transferred to PVSP. (Id.)

make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

The failure of prison officials at PVSP to continue with the treatment plan initiated at CCI, without more, does not state a claim for violation of the Eighth Amendment. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Further, Plaintiff's third amended complaint is devoid of any specific facts supporting a claim that Defendants Yates, Alvarnez, and Verdugo "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994). Plaintiff has not stated a facially plausible claim for violation of the Eighth Amendment and the Court therefore recommends dismissal of the claim. Fed. R. Civ. P. 8(a); Iqbal at 1949-50.

## IV.   Conclusion and Recommendation

Plaintiff's third amended complaint does not state a claim upon which relief may be granted under section 1983. In light of the deficiencies at issue and the past screening orders, further leave to amend is not warranted. Lopez, 203 F.3d at 1130. The Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim.

This Finding and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Finding and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 2, 2010**              /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE